UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| In re: | ) | |
|---|---|---|
| | ) | Case No. 09-10201-SSB |
| JOHNSON DAIRY, LLC | ) | Chapter 11 |
| a Colorado Limited Liability Co. | ) | |
| EIN: 87-0703859 | ) | |
|     Debtor. | ) | |
| | ) | Case No. 09-10203-SBB |
| JOHN D. JOHNSON | ) | Chapter 11 |
| SSN: XXX-XX-2660 | ) | |
|     Debtor | ) | **Jointly Administered Under** |
| | ) | **09-10201-SBB** |

**FDIC-R'S MOTION REQUESTING A PROCEDURAL ORDER ON
AUGUST 11, 2009 HEARING**

Federal Deposit Insurance Corporation as Receiver for New Frontier Bank ("FDIC-R"), by and through its undersigned counsel, hereby moves this Court for an order establishing certain procedures with respect to the Debtors' Combined Motion to (1) Authorize Debtors to Enter into CWT Program Out of the Ordinary Course of Business; and (2) Authorize Debtors to Sell and Slaughter Cow Herd Free and Clear of Liens and Encumbrances (hereinafter "Debtors' Motion"), and as grounds states as follows:

1. On or around July 22, 2009, Debtors-in-possession, Johnsons Dairy LLC and John Johnson ("Debtors") filed the Debtors' Motion. In the Debtors' Motion, the Debtors request the Court to allow the Debtors to sell their dairy livestock herd under the CWT Herd Reduction Program.

2. The Debtors set forth numerous legal conclusions in Debtors' Motion relating to the position of FDIC-R. For example, the Debtors state: "The CWT payment, upon which the FDIC has no lien or claim whatsoever, would be used to acquire a new herd which may be smaller than the existing herd, and to maintain working capital post-petition." The Debtors provide absolutely no authority for this position. Debtors' Motion contains numerous other examples of unsupported legal positions without citations to any authority whatsoever.

3. Debtors' Motion and original notice required parties-in-interest to file a response to the motion on or before July 28, 2009. FDIC-R filed a response containing citations of authority to FDIC-R's legal position. The Kruses also filed their response containing citations of legal authority on July 28, 2009.

4. On July 28, 2009, this Court entered an order setting a hearing for the Debtors' Motion on August 11, 2009. Furthermore, the Court required any responses to the Debtors' Motion to be filed on or before August 6, 2009.

5. In all fairness, the Debtors should be required to provide to the FDIC-R, the Court, and other parties-in-interest in this case the legal authorities on which the Debtors base their Motion. FDIC-R requests that the Debtors be required to file any trial brief or memorandum of legal authorities in reply to FDIC-R's response and limited objection to the Debtors' Motion on or before August 6, 2009. This will enable FDIC-R to review the Debtors' legal position, if any, before the hearing

6. The Debtors' Motion was framed as an emergency motion requiring immediate court attention. The Debtors have been in bankruptcy almost eight months during which time the Debtors have continued to lose money and the Debtors' estate has diminished. Resolution of the Debtors' Motion is critical to all future issues in this case, including but not limited to the motions currently set for August 20, 2009.

7. Despite repeated requests, the Debtors have still not provided to the FDIC-R and other creditors a copy of the bid Debtors made in the CWT program.

8. Because the Debtors' Motion is critical to the balance of the bankruptcy case, the Debtors should provide to the Court, to FDIC-R and to all other interested parties a witness list and exhibit list for all evidence Debtors intend to provide to the Court at the hearing on August 11, 2009. FDIC-R would respectfully suggest that witness lists and exhibit lists be provided by all parties seeking to offer evidence at hearing by August 7, 2009 to the other parties. This will enable all of the parties to sufficiently review all evidence prior to the hearing.

9. FDIC by requesting the Debtors file a memorandum or brief supporting its position that the FDIC-R holds no security interest in the additional $10 million CWT payment, does not waive its prior assertion that the interests in the $10 million payment should be decided in the existing adversary proceeding involving the validity, extent and priority of liens.

WHEREFORE, FDIC-R respectfully request the Court to enter an order for the relief requested in this Motion.

Respectfully submitted this 30th day of July, 2009.

    MARKUS WILLIAMS
    YOUNG & ZIMMERMANN LLC

    *s/ Steven R. River*
    Steven R. Rider, #7921
    Jeffery O. McAnallen, #11389
    1700 Lincoln Street, Suite 4000
    Denver, Colorado 80203-4505
    Telephone (303) 830-0800
    Facsimile (303) 830-0809

    Attorneys for New Frontier Bank

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this \_\_\_day of July, 2009, I caused a true and correct copy of the foregoing **FDIC-R'S MOTION REQUESTING A PROCEDURAL ORDER ON AUGUST 11, 2009 HEARING** to be placed into the United States mail, first class postage prepaid and correctly addressed as follows:

See Attached List.

      *s/ Roberta Purser*