UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOHNSON DAIRY, LLC | ) | Case No. 09-10201 SBB |
| a Colorado Limited Liability Co. | ) | Chapter 11 |
| EIN 87-0703859 | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | Case No. 09-10203 SBB |
| | ) | Chapter 11 |
| JOHN D. JOHNSON | ) | |
| SS# XXX-XX-2660 | ) | **Jointly Administered Under** |
| | ) | **Case No. 09-10201 SBB** |
| Debtor. | ) | |

---

**ORDER GRANTING DEBTORS' COMBINED MOTION TO (1) AUTHORIZE
DEBTORS TO ENTER INTO CWT PROGRAM OUT OF THE ORDINARY COURSE
OF BUSINESS; AND (2) AUTHORIZE DEBTORS TO SELL AND SLAUGHTER COW
HERD FREE AND CLEAR OF LIENS AND ENCUMBRANCES**

---

THIS MATTER, having come before the Court on the motion of the Debtors for an Order Granting Debtors' Combined Motion to (1) Authorize Debtors to Enter into Cwt Program out of the Ordinary Course of Business; and (2) Authorize Debtors to Sell and Slaughter Cow Herd Free and Clear of Liens and Encumbrances (the "CWT Motion"); the Court having reviewed the CWT Motion and its file with respect to this matter; notice of the CWT Motion having been given pursuant to Rule 202 L.R.B.P.; objections to the CWT Motion having been filed by the Federal Deposit Insurance Corporation as Receiver For New Frontier Bank ("FDIC-R"), Daniel and Susan Kruse (the "Kruses") and William and Carol Bell (the "Bells"), a response having been filed by AgStar Financial Services, FLCA, and a Statement in support thereof having been filed by the Official Committee of Unsecured Creditors, and having convened a hearing in this matter and having made findings of facts and conclusions of law and deeming itself advised in the premises:

HEREBY FINDS that cause exists for granting portions of the CWT Motion.

THEREFORE, THE COURT ORDERS:

1.      Portions of the CWT Motion, as more fully described below are granted.

2.      The Debtors are authorized to enter into the CWT Program.  Debtors' bid was accepted by the CWT Program.  Debtors are authorized to sell their dairy cows

which are accepted into the CWT Program to one or more slaughter or packing facilities at current market prices.  Debtors shall deposit the proceeds from the sale of the dairy cows which are accepted into the CWT Program into a segregated interest bearing account and shall not use or disburse such funds until further Order of this Court.  The liens, claims and interests, if any, of FDIC-R, the Bells and the Kruses will attach to such sale proceeds to the same extent, and in the same priority as each held pre-petition or pursuant to the Cash Collateral Orders entered in this case.

3.      All of the money received from the CWT Program (the "CWT Payments") shall be kept in a segregated interest bearing account.  Debtors shall not use or disburse such funds until further Order of this Court.

4.      The Court shall determine at a later time, if necessary, whether the liens, claims and interests, if any, of FDIC-R, the Bells and the Kruses will attach to the CWT Payments, to the same extent, and in the same priority, as each held pre-petition, or pursuant to the Cash Collateral Orders entered in this case.  Nothing in this Order shall prejudice the claims and assertions by the Debtors and the Unsecured Creditors Committee, inter alia, that the CWT Payments represent unencumbered funds not subject to the liens, claims, or interests of any creditor.  Nor shall anything in this Order prejudice the claims and assertions by FDIC-R, the Bells and/or Kruses as set out in their responses to the CWT Motion, including, without limitation, their assertions that all or portions of the CWT Payments constitute proceeds, products, offspring or profits of their prepetition property interests.

DATED: August 17, 2009, *nunc pro tunc,* August 11, 2009.

BY THE COURT:

_____

U.S. Bankruptcy Judge