UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:                )<br>Johnson Dairy, LLC       )<br>EIN: 87-0703859         )<br>    Debtor          )<br>_____)<br>IN RE:                )<br>John D. Johnson          )<br>SSN: XXX XX 2660         )<br>    Debtor          )<br>_____) | Chapter 11<br>Case No. 09-10201 SBB<br><br><br><br>Chapter 11<br>Case No. 09-10203 SBB<br><br>Jointly Administered Case No.<br>09 - 10201 SBB |

**UNITED STATES TRUSTEE'S MOTION TO COMPEL DEBTORS TO FILE MONTHLY FINANCIAL REPORTS AND PAY FEES PURSUANT TO 28 U.S.C.§ 1930**

The United States Trustee ("**UST**"), through counsel, moves this Court, pursuant to 28 U.S.C. §586(3)(D), 11 U.S.C. § 105(a) for an Order compelling the Debtors to file monthly financial reports and pay fees required pursuant to 28 U.S.C. §1930 (a)(6)and in support thereof states and alleges as follows:

1. The Bankruptcy Court has jurisdiction under 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1407 and 1408.

2. Johnson Dairy LLC and John D. Johnson   ("Debtors") filed voluntary Petitions for relief under Chapter 11, Title 11 of the United States Code on January 8, 2009.

4. Pursuant to Sections 1107 and 1108, Debtors continue to operate the business and manage their affairs as debtors-in-possession.

5. On May 6, 2009, the UST sent by mail to Counsel for the Debtors, the UST's Operating Instructions and Reporting Requirements ("OIRR") which require the Debtors to submit Monthly Operating Reports ("MOR") for each month after the petition is filed.  These reports are due (20) twenty days after the end of the month covered by the report.  In addition, at the Initial Debtor Interview conducted on February 9, 2009, by Laddy Janovsky, Bankruptcy Analyst, the OIRR were also discussed with the Debtors.   Also discussed in the OIRR and by Mr. Janovsky was the requirement that the Debtors must timely pay fees due pursuant to 28 U.S.C. §1930.

6. The UST again discussed the requirements under the OIRR with the Debtors on or about June 1, 2009.  The UST also discussed the reporting format and modified the MOR reporting format to the extent possible to be consistent with the reporting that was already being provided to other interested parties.

7. At that time, John D. Johnson agreed to bring current the MORs for January, through May of 2009 by June 5, 2009.   On June 8, 2009, the MORs for January through April, 2009 were filed with the Court. On July 16, 2009, the MOR for May 2009 was filed with the Court.  To date, no additional reports have been filed.

8. Also at that time, John D. Johnson, as manager for Johnson Dairy, LLC agreed to bring current the MORs for April & May of 2009 by June 5, 2009. On July 13, 2009, the MOR for April of 2009, was filed with the Court. To date, no additional reports have been filed.

9. In addition, based upon the monthly financial reports that have been filed, the Debtor, Johnson Dairy, LLC has underpaid the fees for the 1st quarter of 2009, and has failed to pay any fees for the 2nd quarter of 2009. Debtor, John D. Johnson, underpaid the fees for the 1st quarter of 2009, and made a payment of $10,400.00 for the 2nd quarter of 2009. The UST cannot determine whether the amount paid for the 2nd quarter 2009 is appropriate unless and until the Debtor files complete and accurate reports.

10. Upon information and belief, the Debtors have been providing financial information to other interested parties in the case. There does not appear to be any reason for the failure of the Debtors to file the MORS in the format required by the UST.

11. The UST is cognizant that he has remedies under 11 U.S.C. §1112 to seek compliance with the OIRR and the payment of the fees under 28 U.S.C. §1930. To pursue a remedy under 11 U.S.C. §1112 would be an expensive and time consuming effort and inappropriate under the circumstances of this case. At this time, neither dismissal, nor the appointment of a Trustee would be in the best interest of creditors. Further, conversion is not an option pursuant to 11 U.S.C. §1112 (c).

12. The Court has authority pursuant to 11 U.S.C. §105(a) ( the inherent right of the Court to issue orders to carry out provisions of the title) to order the Debtors to promptly file the required MORs and pay the quarterly fees. Further, the Debtors should be compelled to timely file all MORs and pay the required fees until such time as the cases are closed or dismissed.

WHEREFORE, the UST requests the Court enter an Order compelling the Debtors to file the appropriate monthly operating reports, pay the required fees and remain current until such time as the cases are dismissed or closed, and for such other and further relief as the Court deems just and appropriate.

Dated: September 1, 2009.

Respectfully submitted,

CHARLES F. McVAY
UNITED STATES TRUSTEE

/s/ Joanne C. Speirs
By: Joanne C. Speirs #13021
Trial Attorney for the U.S. Trustee
999 18th Street, Suite 1551
Denver, Colorado 80202
(303) 312-7252 telephone
(303) 312-7259 facsimile
Joanne.Speirs@usdoj.gov

# C<span>ERTIFICATE</span> OF MAILING

   The undersigned certifies that on September 1, 2009 a true and accurate copy of the United States Trustee's Motion to Compel Debtors to File Reports and Pay fees pursuant to 28 U.S.C. §1930 was served postage prepaid to the individuals listed on the attached mailing matrix.


S/ Bev Smith
Office of the United States Trustee