IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 09-10201-SBB (Chapter 11) |
| **JOHNSON DAIRY**, a Colorado Limited Liability Company, EIN 87-0703859, | |
| Debtor. | |
| In re: | Case No. 09-10203-SBB (Chapter 11) |
| **JOHN D. JOHNSON**, SS# XXX-XX-2660 | **Jointly Administered under Case No. 09-10201-SBB** |
| Debtor. | |
| **ESTATES OF JOHNSON DAIRY, LLC** and **JOHN D. JOHNSON,** | Adversary Case No. _____ |
| Plaintiffs, | |
| v. | |
| **NORTHERN FEED & BEAN CO.,** | |
| Defendant. | |

**ANSWER TO COMPLAINT OF JOHNSON DAIRY AND JOHN D. JOHNSON**

Defendant, Northern Feed and Bean Co. ("NFB"), by its counsel, answers the Complaint of Plaintiff as follows:

PARTIES, JURISDICTION AND VENUE

1. NFB admits the allegations of paragraph 1.

2. NFB admits the allegations of paragraph 2.

3. NFB admits the allegations of paragraph 3.

4. NFB admits that NFB has been in business since the early 1980's, Robert

1

Brunner was the majority membership owner of NFB until mid-1970, Robert Brunner was an initial shareholder of New Frontier Bank, Robert Brunner was a former Chairman of the Board of Directors of New Frontier Bank, Robert Brunner transferred all membership interest in NFB to employees of NFB during mid-1970, since mid-1970 Robert Brunner has served as a salaried consultant to NFB and the duties of Robert Brunner on behalf of NFB is primarily a bean trader and secondarily providing advice and consultation; and NFB denies each and every allegations of paragraph 4, not specifically admitted.

5. NFB admits that it was the primary supplier of livestock feed supplements and mineral to Johnson Dairy during times relevant to this case and denies each allegation of paragraph 5, not specifically admitted.

6. NFB admits the allegations of paragraph 6.

7. NFB admits the allegations of paragraph 7.

## GENERAL ALLEGATIONS

### NFB's Claim for Administrative Expenses

8. NFB admits the allegations of paragraph 8.

9. NFB admits that May 8, 2009, NFB filed a claim in the sum of $500,452 for livestock feed supplements and minerals sold and delivered to Johnson Dairy and denies each allegation of Paragraph 9, not admitted.

10. NFB admits the allegations of paragraph 10.

11. NFB admits the allegations of paragraph 11.

12. NFB admits the allegations of paragraph 12.

13. NFB admits the allegations of paragraph 13.

14. NFB admits that each payment was first applied by NFB to accrued finance

charges and the balance to the oldest unpaid invoice for goods sold and delivered and denies each allegation of paragraph 14, not admitted.

15. NFB admits that Robert Pemberton testified that Johnson Dairy did not pre-pay or pay on a C.O.D. basis for goods sold and delivered prior to the Petition Date, except for one payment in the sum of $30,294.20, which is specifically addressed in paragraph 21 and denies each allegation of paragraph 15, not admitted.

16. NFB admits the allegations of paragraph 16.

Debtors Claim of Preference under §547

17. NFB admits that Robert Pemberton testified that each payment made by Johnson Dairy during the 90 days preceding the Petition Date was first applied to accrued finance charge and the remainder to the earliest invoice, except for one payment in the sum of $30,294.20, which is specifically addressed in paragraph 21 and denies each allegation of paragraph 17, not admitted.

18. NFB admits that Robert Pemberton testified that each payment made by Johnson Dairy during the 90 days preceding the Petition Date was first applied to accrued finance charge and the remainder to the antecedent debt, except for one payment in the sum of $30,294.20, which is specifically addressed in paragraph 21 and denies each allegation of paragraph 17, not admitted.

19. NFB admits that Robert Pemberton testified and the business records reflect that payments totaling $550,000.00 made by Johnson Dairy during the 90 days preceding the Petition Date was first applied to accrued finance charge and the remainder to the antecedent debt, except for one payment in the sum of $30,294.20, which is specifically addressed in paragraph 21 and denies each allegation of paragraph 18, not admitted.

20. NFB admits the allegations of paragraph 20.

21. NFB admits that Johnson Dairy advised Robert Pemberton that it had or was about to file a petition in bankruptcy, but that it wanted to place an order for livestock feed supplements and minerals for delivery on or after the Petition Date and issued a check from a separate debtor in possession account for prepayment of such order in the sum of $30,294.20, the cost of such goods ordered pursuant to invoice numbers 93619, 93576, 93749 and 93861, and denies each allegation of paragraph 21, not admitted.

22. NFB admits that it has an Administrative Expense Claim under §503 for the sum of $62,432.50 and denies each allegation of paragraph 22, not admitted.

23. NFB admits that it applied each payment from Johnson Dairy first to accrued finance charges and the remainder to antecedent debt, except for a payment on January 7, 2009, in the sum of $30,294.20, and denies each allegation of paragraph 23, not admitted.

24. NFB denies each allegation of paragraph 24.

Debtor's Claim for Equitable Subordination

25. NFB denies each allegation of paragraph 25.

26. NFB denies each allegation of paragraph 26.

27. NFB admits that Mr. Johnson and Johnson refused to sign a security agreement as alleged in paragraph 27.(r); NFB is without sufficient information or belief to admit or deny the allegations of paragraph 27.(b), (c), (d), (e), (f), (g), (h),(i), (j), (k),(l), (m), and (n) and therefore denies the same; NFB denies each allegation of paragraph 27, not admitted.

28. NFB admits that Mr. Pemberton acknowledged that for many months,

especially at times that the unpaid balances of the Johnson Dairy account became very large that additional efforts were made to have Johnson Dairy make payments on the Johnson Dairy receivables and denies each allegation of paragraph 28, not admitted.

29. NFB denies each allegation of paragraph 28.

30. NFB denies each allegation of paragraph 30.

31. NFB denies each allegation of paragraph 31.

32. NFB denies each allegation of paragraph 32.

FIRST CLAIM FOR RELEIF

33. Debtor restated and incorporated all prior allegations and accordingly, NFB admits and denies each allegation as therein answered.

34. NFB admits the allegations of paragraph 34.

35. NFB admits that Debtor made transfers to NFB in the sum of $550,000.00 within the 90-Day Period preceding the Petition filing date and denies each allegation of paragraph 35, not admitted.

36. NFB admits the allegations of paragraph 36.

37. NFB admits that $550,000.00 in payments applied by NFB to antecedent debt and denies each allegation of paragraph 37, not admitted.

38. NFB denies the allegations of paragraph 38.

39. NFB denies the allegations of paragraph 39.

40. NFB denies the allegations of paragraph 40.

41. NFB denies the allegations of paragraph 41.

## SECOND CLAIM FOR RELIEF

42. Debtor restated and incorporated all prior allegations and accordingly, NFB admits and denies each allegation as therein answered.

43. NFB denies each allegation of paragraph 43.

44. NFB denies each allegation of paragraph 44.

45. NFB denies each allegation of paragraph 45.

46. NFB denies each allegation of paragraph 46.

47. NFB denies each allegation of paragraph 47.

## THIRD CLAIM FOR RELIEF

48. Debtor restated and incorporated all prior allegations and accordingly, NFB admits and denies each allegation as therein answered.

49. NFB denies each allegation of paragraph 49.

50. NFB denies each allegation of paragraph 50.

## AFFIRMATIVE DEFENSES

NFB, as a defense to Debtor's claims, affirmatively asserts:

51. The payments or transfers made by Johnson Dairy to NFB on or within 90 days before the date of the filing of the petition were made in payment of a debt incurred by the Johnson Dairy in the ordinary course of business of the Johnson Dairy and NFB, made by the debtor in the ordinary course of in the ordinary course of business of the Johnson Dairy and NFB, or made according to ordinary business terms, and pursuant to 11 U.S.C. §547(c)(2) such payments or transfers are not avoidable.

52. The payment or transfer made by Johnson Dairy to NFB on January 7, 2009, in the sum of $30,294.20, was not made for or on account of an antecedent debt owed by the

Johnson Dairy and was intended by Johnson Dairy and NFB to be a contemporaneous exchange for new value given to Johnson Dairy, and pursuant to 11 U.S.C. §547(b)(2) and pursuant to §547(c)(1) such payment or transfer is not avoidable.

53. NFB, on or within 90 days before the date of the filing of the petition, gave new value to Johnson Dairy in the sum of $458,878.65 and pursuant to 11 U.S.C. 547(c)(4), payments or transfers by Johnson Dairy to NFB are not avoidable to the extent of such new value.

54. Debtor failed to state claims on which relief can be granted, to wit:

    a. Debtor failed to state any claim of John D. Johnson;

    b. Debtor failed to state any claim against NFB on Debtor's Second and Third claim.

55. Debtor's claims are barred by limitations of action.

Dated this 8th day of April, 2010

Respectfully submitted,

*s/ R. Sam Oldenburg*
R. Sam Oldenburg
Kent A. Naughton
Witwer Oldenburg Barry & Johnson, LLP
822 7th Street, Ste. 760, Greeley, CO 80631
Telephone: (970) 352-3161
Fax: (970) 352-3165
soldenburg@wobjlaw.com

**ATTORNEYS FOR DEFENDANT**

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2010, copies of the foregoing ANSWER TO COMPLAINT OF JOHNSON DAIRY AND JOHN D. JOHNSON were served by CM/ECF notification and by mailing, first class, postage prepaid to the following:

Patrick D. Vellone
Shelly Thompson
Allen & Vellone, P.C.,
1600 Stout Street, Suite 1100
Denver, CO  80202

*s/ Zoe Ann Harwick*